Citation Nr: 1339292 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 12-16 581 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUES

1. Entitlement to service connection for tinnitus. 

2. Entitlement to service connection for hearing loss. 


REPRESENTATION

Appellant represented by: Missouri Veterans Commission


ATTORNEY FOR THE BOARD

R. Giannecchini, Counsel




REMAND

This matter comes to the Board of Veterans' Appeals (Board) on appeal of a May 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Louis, Missouri. In September 2013, the appellant, through his representative, withdrew his request for a scheduled Board hearing. 

The appellant's periods of service have not been verified. The RO has reported that the appellant did have a period of active service from January 1964 to August 1967. The appellant did not report this period of service in his March 2009 application for VA benefits (VA Form 21-526), nor has he done so since that time. He instead has reported that he served in the Missouri Air National Guard from August 1967 to January 1994, and that his tinnitus and hearing loss were related to periods of active duty for training and inactive duty training. 

An individual seeking VA disability compensation based on active duty for training or inactive duty training must establish a service-connected disability as a result of disability incurred in or aggravated during the period of active duty for training or inactive duty training in order to achieve "veteran status" and be entitled to VA disability compensation. Smith v. Shinseki, 24 Vet. App. 40, 44 (2010). The presumption of service connection for a veteran who served for ninety days or more and developed a chronic disease, such as sensorineural hearing loss, to a degree of 10 percent or more within one year from the date of separation from such service, does not apply to a period of active duty for training or inactive duty training, unless the claimant has "veteran status". Id. 

The RO has requested information about the appellant's periods of service from a number of sources; in particular, the Missouri Adjutant General's Office (MAGO) as well as the National Personnel Records Center (NPRC). Neither the MAGO nor the NPRC was able to provide any information. 

In April 2009, the RO appears to have received the appellant's service treatment records from VA's Records Management Center (RMC). The records received are dated from August 1967 (when the appellant said he entered the Missouri Air National Guard) to July 1993. (An August 1967 Report of Medical Examination notes that the appellant had no previous federal government service.) 

In November 2009, the RO contacted the Defense Personnel Records Information Retrieval System (DPRIS). The RO later received two personnel records, neither of which provided information or verification of the appellant's periods of service. One of the records, dated February 19, 2009, concerned the appellant's military retirement and noted the amount of time (26 years, 4 months, 27 days) the appellant had served for retirement purposes. The record was addressed as being from the Department of the Air Force, Headquarters United States Air Force, Washington, DC 20330-1000. The record also cited to 10 U.S.C. §12732. This section of the United States Code is entitled "Entitlement to retired pay: computation of years of service." 

While neither the MAGO nor the NPRC can provide information regarding the appellant's service, the Board believes that the Department of the Air Force (DAF) may be able to shed some light on this issue. The DAF appears to have knowledge of the appellant's periods of service and may be able to provide information on any periods he may have served for active duty, active duty for training, and/or inactive duty training. Therefore, the Department of the Air Force should be contacted to ascertain whether the service department has any information that may help in establishing the appellant's periods of service. 

Furthermore, the appellant should again be requested to provide any service-related documents or information that identifies his service on active duty, active duty for training, and/or inactive duty training. 

Accordingly, the case is REMANDED for the following action:

1. Instruct the appellant as to what is required to establish "veteran status" for a member of a National Guard unit. 

2. Request that the appellant submit any service-related documents or information in his possession that reflect his dates of service on active duty, active duty for training, and/or inactive duty training. The appellant should also be asked whether he served on active duty from January 1964 to August 1967. 

3. Contact the Department of the Air Force, Headquarters United States Air Force, in Washington, D.C. (zip code 20330-1000) (see discussion in body of remand, above) and request the Department of the Air Force verify whether the appellant had any period of active duty, active duty for training, and/or inactive duty training, and if so, the dates of such service. If the Department of the Air Force recommends contacting another agency or facility to obtain the requested information, such action should be taken. All responses should be associated with the claims folder. 

4. After the above has been completed, undertake any additional evidentiary development deemed appropriate, to include obtaining an addendum medical opinion from the April 2012 VA audiologist if warranted. Thereafter, re-adjudicate the issues on appeal, as are listed on the title page of this remand. If any benefit sought is denied, the appellant and his representative must be provided a supplemental statement of the case (SSOC) and given an opportunity to respond before the case is returned to the Board for appellate review. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This case must be afforded expeditious treatment. The law requires that all claims remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



________________________________
MARK F. HALSEY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).